**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1402
_____

WILLIAM ANSELL

v.

ROSS TWP, Pennsylvania; COUNTY OF ALLEGHENY; MATTHEW E GRUBB, individually and in his official capacity of a Ross Township Police Officer; RALPH C. FREEDMAN, individually and in his official capacity as Chief of Police of Ross Township Police Department; MICHAEL ORSINO, individually and in his official capacity of a Ross Township Police Officer; RICHARD D WHITE, individually and in his official capacity of a Ross Township Police Officer; MARK WUYCHECK, individually and in his official capacity of a Ross Township Police Officer; PETER M CHUBERKO, individually and in his official Capacity of a Ross Township Police Officer; ROBERT ZEGAR, individually and in his official capacity of a Ross Township Police Officer; JOSEPH LAMONICA; JOSEPH SEROWIK, individually and in his official capacity of a Ross Township Police Officer; DONALD C SYPOLT, IV, individually and in his official capacity of a Ross Township Police Officer; GREGORY GLENN GARCIA, individually and in his official capacity of a Ross Township Police Officer; BARRY CLIFFORD, individually and in his official capacity of a Ross Township Police Officer; DANIEL L. DEMARCO, individually and in his official capacity as a Ross Township Commissioner; PETER CASTELLANO, Assistant Director of Ross Township Public Works Department; RAMON RUSTIN, individually and in his official capacity as Warden of the Allegheny County Jail; JOHN DOES 1-10, inclusive; VINCENT LONGO, individually and in his official capacity as a deputy for the Allegheny County Sheriff's Department; RONALD STOKES, individually and in his official capacity as a deputy for the Allegheny County Sherriff's Department; JAMES STEGENA, individually and in his official capacity as a deputy for the Allegheny County Sherriff's Department; MARTIN GEORGE, individually and in his official capacity as a deputy for the Allegheny County Sheriff's Department, VINCENT LONGO; RONALD STOKES; JAMES STEGENA; MARTIN GEORGE,

Vincent Longo; Ronald Stokes; James Stegena; Martin George,

Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civ. No. 09-1398)
District Judge:  Hon. Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
March 15, 2011

Before:  RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>.

(Filed: March 25, 2011)

_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Defendants Vincent Longo, Ronald Stokes, James Stegana, and Martin George (collectively, the "Deputy Sheriffs") appeal the District Court's denial of their motion to dismiss.  For the reasons stated below, we will affirm.

I.

Because we solely write for the parties, we will only briefly summarize the essential facts.[1]  The Deputy Sheriffs work for the Allegheny County Sheriff's Department, located in Allegheny County Pennsylvania.  On the morning of October 18, 2007, the Deputy Sheriffs entered plaintiff William Ansell's home in order to arrest him

---

[1] The following facts are taken from Ansell's complaint.  All alleged facts are assumed to be true, and we draw all inferences in Ansell's favor.  <u>Torisky v. Schweiker</u>, 446 F.3d 438, 442 (3d Cir. 2006).

for criminal contempt, a charge that arose out of his failure to appear at an Allegheny County Family Division hearing. Ansell was alone in his apartment and sleeping at the time of the Deputy Sheriffs' arrival. Although Ansell was unarmed and did not threaten the Deputy Sheriffs or otherwise attempt to flee or resist arrest, Ansell alleges that the Deputy Sheriffs "forcibly dragged [him] out of bed," "pointed guns" at him, "threatened to shoot him," "violently slam[ed]" him against the wall, handcuffed his wrists and ankles, and "dragged him outside" in the course of effectuating the arrest. Appendix ("App.") 30, 46, 57. Ansell alleges that he has no history of violence and has never been charged with a felony or drug-related offense.

Based on the October 18, 2007 incident and other alleged wrongdoings, Ansell filed a complaint on October 16, 2009, which asserted claims against the Deputy Sheriffs and other defendants.[2] On December 6, 2009, Ansell filed a first amended complaint, which, as pertains to the Deputy Sheriffs, asserted a constitutional claim for excessive force in violation of the Fourth Amendment, brought pursuant to 42 U.S.C. § 1983, and asserted state law claims for assault, battery, and intentional infliction of emotional distress.[3] On January 8, 2010, the Deputy Sheriffs moved pursuant to Rule 12(b)(6) of

---

[2] The non-Deputy Sheriff defendants, who are not parties to this appeal, filed answers to Ansell's first amended complaint.

[3] Ansell also asserted a claim for civil conspiracy against the Deputy Sheriffs. The District Court dismissed that claim without prejudice, however, based on Ansell's consent to such a dismissal. Neither party contests the dismissal of the civil conspiracy claim on this appeal.

3

the Federal Rules of Civil Procedure to dismiss the first amended complaint. The Deputy Sheriffs argued that qualified immunity barred the excessive force claim and that the pendent state law claims failed to state claims for relief. In a memorandum order dated January 20, 2010, the District Court denied the motion, holding that the Deputy Sheriffs were not entitled to qualified immunity at the motion to dismiss stage and that resolution of all of Ansell's claims against the Deputy Sheriffs required discovery. This appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Under the collateral-order doctrine of 28 U.S.C. § 1291 and Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), we have jurisdiction to review the District Court's denial of qualified immunity "to the extent that the order turns on an issue of law." Dotzel v. Ashbridge, 438 F.3d 320, 324 (3d Cir. 2006) (quotation omitted). We lack jurisdiction, however, to review the District Court's denial of the Deputy Sheriff's motion to dismiss Ansell's state law claims. These claims are neither independently appealable nor "intertwined" with the qualified immunity issue. Accordingly, the exercise of "pendent appellate jurisdiction" would be inappropriate in this case. See E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 202-03 (3d Cir. 2001).

4

In reviewing a denial of qualified immunity at the motion to dismiss stage, we accept Ansell's allegations as true and draw all inferences in his favor. Torisky v. Schweiker, 446 F.3d 438, 442 (3d Cir. 2006). Our review of the District Court's opinion is plenary. See Larsen v. Senate of Commonwealth of Pa., 154 F.3d 82, 87 (3d Cir. 1998).

III.

A two-step analysis governs the assessment of a government official's entitlement to qualified immunity: first, whether a constitutional right was violated, and second, whether that right was "clearly established" at the time of the alleged misconduct. Saucier v. Katz, 533 U.S. 194, 200 (2001). The first inquiry involves determining "whether the plaintiff's allegations are sufficient to establish the violation of a constitutional or statutory right at all." S.G. ex rel. A.G. v. Sayreville Bd. of Educ., 333 F.3d 417, 420 (3d Cir. 2003) (quoting Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000)) (quotation marks omitted). The second "ask[s] whether the right was clearly established," that is, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004) (quoting Saucier, 533 U.S. at 201, 202) (quotation marks omitted).[4] The District Court held that the allegations set forth in Ansell's first amended complaint satisfied both of these two prongs. We agree.

---

[4] Courts now possess the discretion to analyze these steps in the order warranted by the "circumstances in the particular case at hand." Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

5

Ansell alleges a violation of his Fourth Amendment rights. "Use of excessive force by a state official effectuating a search or seizure violates the Fourth Amendment." Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Curley v. Klem, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (quoting Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999)) (quotation marks omitted). The Deputy Sheriffs do not dispute that the arrest of Ansell constitutes a "seizure." Accordingly, the only question is whether the alleged use of force during that seizure was unreasonable.

Courts evaluate the reasonableness of "a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989). In Graham, the Supreme Court delineated certain considerations that should guide this objective assessment – the so-called "Graham factors" – "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The Court of Appeals for the Third Circuit has provided additional relevant considerations – the so-called "Sharrar factors" – such as "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997).

6

In this case, Ansell's first amended complaint includes specific allegations relevant to an analysis under both the Graham and Sharrar factors. Ansell has no history of violence and the arrest warrant was for a non-violent offense. At the time of the arrest, Ansell was sleeping, alone, unarmed, and cooperative. Nonetheless, Ansell alleges that the Deputy Sheriffs, among other things, "forcibly dragged [him] out of bed," "pointed guns" at him, "threatened to shoot him," and "violently slam[ed]" him against the wall. App. 30, 46, 57. Accepting these allegations as true and construing all facts in Ansell's favor – as we must at this stage of the litigation – we hold that the District Court did not err in concluding that Ansell adequately alleged a violation of his clearly established Fourth Amendment rights to be free from excessive force and thus in denying the Deputy Sheriffs' motion to dismiss.

IV.

For the foregoing reasons, we will affirm.